Raul Mendez
2712 N Goldeneye Way
Meridian, Idaho 83646
Telephone: (208) 860-5037
raulmendez2002@gmail.com
Pro Se

U.S. COURTS

FEB 06 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

RAUL MENDEZ,

    Plaintiff,

Vs.

CITY OF BOISE, a municipal corporation.
CITY OF BOISE MAYOR DAVID BIETER
and CITY OF BOISE COUNCIL. CITY OF
BOISE PUBLIC WORKS DEPARTMENT,
CITY OF BOISE LEGAL DEPARTMENT

    Defendants.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW RAUL MENDEZ, plaintiff pro se and for cause of action against the above-named defendants does complain and alleges as follows:

## NATURE OF THE CASE

1) Mr. Mendez seeks damages for the violation of his fifth and fourteenth amendments under the constitution. 42 U.S.C. 1983.

2) Mr. Mendez seeks damages afforded to him for violations under the Fair Debt Collections Practices Act (FDCPA). 15 U.S.C. 1692.

3) Mr. Mendez seeks damages for Defendant's breaching the Terms & Conditions agreed on the

Residential Request for Vacancy Status application.

4) Mr. Mendez seeks damages for Defendant's Intentional Infliction of Emotional Distress.

5) Mr. Mendez seeks damages for Defendant's maliciously injuring his reputation.

6) Mr. Mendez seeks damages for Defendant's filing a fraudulent lien on his property

## PARTIES

7) At all times relevant herein, Mr. Mendez was, and is an adult individual and a citizen of the United States who has resided in Ada County.

8) The City of Boise is a municipal corporation of Idaho.

## JURISDICTION AND AVENUE

9) The Court has jurisdiction of this matter pursuant to the Const. Amend. V. Amend. XIV. The Fair Debt Collections Practices Act (FDCPA). 15 U.S.C. 1692.

10) As the events giving rise to this action all occurred in the State of Idaho, venue is appropriate in the District of Idaho pursuant to 28 U.S.C. 1391 (a) (2).

## FACTS COMMON TO ALL CAUSES OF ACTION

Mr. Mendez has spent two years communicating with the City of Boise in regards to what they claim is a mandatory 'base fee' for an unused sewer. Mr. Mendez home in Boise is currently vacated since he takes care off his disabled mother at her home; so that she is not institutionalized. Because his home is vacated there is no sewer usage.

11) On 4/30/2017, Mr. Mendez asked the Department of Public Works at the City of Boise how

to discontinue the sewer service since there is no usage as a result of him spending time at his mother's home.

12) On 5/2/2017, Shawn Steiger who works as a 'utility services specialist' told Mendez that he could apply for a 'vacancy' but that a vacancy does not remove the base fee.

13) On 5/3/2017, Mr. Mendez asked Public works for evidence showing that not having mandatory sewer and trash service is endangering /not maintaining the public health, safety and aesthetics of Boise.   Indeed, Mr. Mendez questioned if such mandate infringes into people's liberty and property interests.

14) On 5/4/2017, Mr. Mendez submitted the 'Residential Request for Vacancy Status application."   The Terms and Conditions indicate among other things the following:   2) No Sewer or Trash services will be used while the property is in vacancy status.......5) If the city of Boise determines sewer or trash service has been used or trash and/or recycle carts are set out while the property is vacancy status, I agree to pay occupied rates for the entire vacancy period. However, there is nothing under Terms & Conditions indicating that residents are responsible for paying a 'base fee' for unused services while property is vacant.

15) On 5/5/2017, Shawn Steiger told Mr. Mendez that a vacancy or financial hardship will not affect the base fee charged for sewer services.

16) On 5/7/2017, Mr. Mendez told Public Works that most utilities will stop service after non-payment which is how it should be.

17) On 5/12/2017, Mr. Mendez asked Public Works if the trash and sewer services have always been mandatory in Boise and if so, since when?   And if not then what lead to the decision to

make it mandatory? He got no response.

18) On 10/3/2017, Kimberlee Irby who is a manager in Public Works, told Mr. Mendez that the base fee is charged to _cover the basic infrastructure_ in place for sewer or trash service whether home is vacant or not.

19) On 10/3/2017, Mr. Mendez told Public works that there is no waste disposal at his home therefore there are no associated health hazards. Why should he pay for an unused service? He asked the City of Boise why should people be deprived of their rights/liberties by being subjected to collections, liens, legal actions, etc. when not using utility services?

20) On 3/22/2018, Mr. Mendez told Public Works that other utilities like Intermountain gas and Suez water also charge a base fee for used services; but no base fee is charged if you contact those utility companies to disconnect service and while service is not utilized.

21) On 3/23/2018, Kimberlee Irby told Mr. Mendez that the City of Boise is unlike other utilities, in that we do not stop service, per city ordinance. Thus the reason a base fee is charged..........however, _the base fee would be waived by plugging an unused sewer_.

22) On 3/26/2018, Mr. Mendez asked Ms. Irby why he should pay to plug the sewer when your records show there is no usage? He got no response.

23) On 4/25/2018, Mr. Mendez told Public Works that the problem with the ordinance lies in the fact that you cannot make it a law to take trash out or use sewer when there are too many instances where people are just not taking trash/using sewer for whatever reason; therefore, there are no risks to public health, safety or aesthetics. In short, the ordinance is greed covered as some public interest.

24) On 5/4/2018, Joseph Hodges another Utility Services specialist told Mr. Mendez that "if you, a) after obtaining the proper permits, B) cap the sewer and c) have the work inspected by an agent of the City of Boise; then you will no longer be responsible for the base fee of the sewer." He also suggested to contact the city council since they have the ability to implement the kind of changes you're requesting.

25) On 5/12/2018, Mr. Mendez told Public Works that if there is no usage then there is nothing for Boise to do maintenance on and there is no threat to public health or safety. Mendez further asked Boise how often they do maintenance on residential sewer lines? Mr. Mendez also contacted the Boise Mayor on 5/12 but got no responses to his specific inquiries.

26) On 7/5/2018, Mr. Mendez copied and pasted **section 8-11-11.04 disconnection of sewer for non-payment** for Public Works review. The ordinance indicates that sewer service will be disconnected for failure to pay the sewer fees; therefore, it is not mandatory. Mr. Mendez noted that there is nothing on the ordinance pertaining to paying fees for unused services.

27) On 7/6/2018, Joseph Hodges told Mr. Mendez that *the account goes before "a sewer termination hearing"* prior to the decision being made to disconnect the service. He also indicated that the account is sent to collections and reported to the credit bureau.

28) On 7/12/2018, Mr. Mendez noted to Public Works that the City of Boise is acting outside its ordinance by sending people to collections or reporting them to the credit bureau with the intended goal to negatively impact consumer's credit.

29) On 7/16/2018, Mr. Mendez contacted the City Council after he got no response from the Mayor and after Public Works advised him they were the ones with authority to act on his request. Mendez asked the Council to waive the base fee for sewer service that it's on record as

not being utilized.

30) On 7/17/2018, Heather Buchanan, A Senior Manager at Public Works told Mr. Mendez that **section 8-11-06.04. A.3 fixed charge for zero use** explains that *the base fee is used to cover the costs attributable to providing basic office staff for the administration* of Boise city sewer system. She also indicated that in the **solid waste ordinance 8-10-01.06mm**; vacant property is defined as: unoccupied property, not currently used. However; she also indicated that Boise defines vacant property as when no premise is upon the land; therefore, no sewer or trash would be waived even if my home was vacated.

31) On 7/19/2018, Mr. Mendez copied and pasted **sewer section 8-11-06.01 annual review of fees** for Public Works review. This section indicates that the fees imposed by the ordinance shall be reviewed annually and revised periodically. Mendez asked Public Works how does the annual review of fees work? He got no response. He also copied and pasted **trash section 8-10-05.03** for Public Works review. This section of the ordinance indicates that fees are waived when people reside outside of Boise for extended periods or under unusual circumstances.

32) On 9/13/2018, Debbie Allen at the Legal Department told Mr. Mendez that the ordinances are clear that regardless of whether you reside in your home or not, as the owner of the home you are responsible for payment of the services provided.

33) On 11/3/2018, Mr. Mendez told the Legal Department that 1) the sewer service is not being used because he is not residing in Boise, 2) Boise has a precedent of waiving other utilities for unusual circumstances including customers not residing at their home in Boise, 3) Boise has told Mendez that the base fee for unused services can be waived as long as he pays to plug an unused

sewer, so basically is this about the service being mandatory regardless of the fact one is residing at their homes?

34) On 12/13/2018, Mr. Mendez received a letter from the City of Boise legal department in regards to the 'claims Boise has against you.' *The letter acknowledges that Mr. Mendez has been in contact with various staff at the City of Boise for months. The letter does not specify that the alleged debt is for a base fee on an unused sewer.* Attorneys for the City of Boise threatened Mr. Mendez with legal action if Boise does not receive either full payment or the hardship exemption form within 15 days. The letter does not inform Mendez of his rights under the Fair Debt Collections Practices Act to include verification/challenging the debt.

35) On 12/27/2018, Mr. Mendez responded to the City of Boise legal department. He clarified that Boise is requesting payment for a 'base fee' on an unused sewer; noting that Mr. Mendez has told the same explanation multiple times to several staff. Mr. Mendez also reiterated that the reason there is no sewer usage is because his home is currently vacated. Furthermore, *Mr. Mendez submitted the 'Residential Request for Vacancy Status application" on 5/4/2017. Mr. Mendez noted that for several months he has received inconsistent and misleading information by the City of Boise.* Mr. Mendez noted that Boise being a government entity that they have to prove they are entitled to a mandatory fee on an unused sewer without violating the constitutional rights of people. Mr. Mendez noted that it would be frivolous for the City of Boise to pursue legal action in light of the facts.

36) On 1/4/2019, Attorneys for the City of Boise filed a Small claims action in Ada County for the amount of $129.05 and other miscellaneous fees. The basis for the claim is *"failure to pay mandatory sewer services provided by the City of Boise pursuant to Boise City Code 8-11."* The

small claims is a debt collection as they previously indicated on 12/13/2018 that they would sue Mendez to recover debt. Boise did not allow Mendez to exercise his rights under Federal law to validate the debt prior to filing the small claim.

37) On 1/18/2019, Mr. Mendez filed an Answer, Motion to Dismiss, and Affidavit in Support of Motion to Dismiss. Mr. Mendez denies that he owes any money to Boise. He noted on his pleadings that the City of Boise did not provide him with any kind of adequate procedural protection to challenge the base fee on an unused sewer in violation of the Due Process Clause; Mr. Mendez noted in his pleadings that Boise did not provide him the 30 days required to dispute the debt in violation of the Fair Debt Collections Practices Act and they filed the Small Claims within the 30 days provided by Federal Law to dispute it. Boise did not indicate in their letter that he could dispute the debt within 30 days because the Attorneys do not specify that the amount in question relates to a 'base fee' on an unused sewer.

38) On 1/23/2019, Boise Attorneys filed a Response to Mendez Motion to Dismiss Small Claim noting that Idaho Code1-2309 does not allow for formal pleadings at the Small Claims setting.

39) On 2/6/2019, Mendez filed for removal and counterclaimed in Federal Court noting that it has subject matter jurisdiction under 42 U.S.C. 1983 and 15 U.S.C. 1692. Mendez with a great deal of effort paid the $400 filing fee and was assigned case number 1:19-CV-49.

40) On 7/2/2019, the court issued a Memorandum Decision and Order. The court granted the Motion to Remand stating that the City's claim for payment of a sewer fee pursuant to the city code raises no federal question on its face. The Court treated Mendez pro se pleading only as a removal action without any indication that Mendez counterclaim was reviewed as such. In fact, the court apparently determines that all of Mendez causes of action such as the FDCPA, tort

claim, and breach of contract are constitutional defenses. The court argues that constitutional questions cannot be the basis for removal to federal court.

41) On 7/23/2019, Mendez filed for reconsideration even after the Federal court had already sent a letter to the Ada County courthouse remanding the case. Mendez notes on his Motion for Reconsideration that he is challenging the ordinance under 42 U.S.C. 1983 as depravation of people's liberty and property interest to make unused services mandatory. Mendez notes on Reconsideration that the Attorneys for Boise filed the Small claims to collect a debt for a 'base fee' on an unused sewer; therefore it falls under the FDCPA and Federal court jurisdiction. Mendez reiterated on his Motion for Reconsideration that he cannot challenge the constitutionality of the City Ordinance in Small Claims due to its informality including not being able to file formal pleadings, no discovery, and no written decisions. Mendez pointed out that the US Supreme Court has held that the pertinent inquiry is whether the State proceedings afford an adequate opportunity to raise the constitutional claims which the Small Claim clearly does not. Mendez argued on Reconsideration that the federal court failed to give him the benefit of any doubt on his pro se pleading as evidence by the fact that apparently he didn't review it as a counterclaim and adjudicated all causes of action, noting that the small claims do not allow for filing of counterclaims.

42) On 10/3/2019, the court reiterated that it had no jurisdiction on the removed small claim. However, the court indicated the <u>'Mendez is free to file suit directly in Federal court.'</u>

43) On 12/17/2019 Mendez noticed that the Ada County Recorder shows a recording for judgment by the City of Boise. Idaho Code 1-2313 states that the Small Claims Magistrate should certify such judgment and that the Magistrate shall enter the judgment transcript on the judgment docket of such magistrate division and the transcript of such judgment may be filed

and entered in judgment lien dockets in district courts. Mendez filed an appeal with the 9th Circuit on 10/16/2019 for the remanded small claim and while that is still pending the Small claims Magistrate issued a form of 'default judgment' even though Mendez notified it that the case was still in Federal Court. The small claims is an action that cannot be legally taken/enforced against Mendez because the FDCPA bars "threats to take any action that cannot legally be taken." 15 U.S.C. 1692e (5). The City of Boise did not validate debt prior to filing the small claims and now a lien that does not comply with statute; Mendez filed to set aside the Default judgment by the small claims on 10/28/2019 and no decision has been made on that prior to the 'recording' of a judgment that needs to comply with Idaho Code 1-2313. Boise is acting fraudulently by filing a 'judgment lien' on 10/22/2019 that does not comply with Idaho Law, when the small claims magistrate has not made a decision on setting aside the judgment, when the removed case is still at the 9th Circuit, and when Judge Winmill has indicated to sue 'directly' in Federal Court which includes the small claims as a debt that cannot be legally taken against Mendez under the FDCPA. Boise has not stopped sending collection letters as well.

## CAUSES OF ACTION

### A. VIOLATION OF CONSTITUTIONAL RIGHTS UNDER U.S. CONST. AMEND. V. AND U.S. CONST. AMEND. XIV.   42 U.SC. 1983.

44) The Boise City Council and Boise Mayor have the final say in having drafted a Trash and Sewer Ordinances that deliberately violates the Constitutional rights of Boise residents.

45) The Boise City Council and Boise Mayor have instructed City of Boise staff to implement the unconstitutional policy that deprives Boise residents of their life, liberty and property. The City of Boise have told Mr. Mendez that Sewer and trash services are mandatory regardless of

the fact they are being used. Specifically, there is a 'base fee' when the services are not utilized in cases such as when a property is vacant. The base fee would be waived by plugging an unused sewer.

46) The City of Boise does not have a procedural due process to challenge actions stemming from the unconstitutional policy and as a result Mr. Mendez property and liberty interests have been violated. Attorneys for the City of Boise filed legal action without having provided Mr. Mendez with an adequate procedural protection giving him the opportunity to be heard and object to the 'base fee' on the unused sewer. Furthermore, Mr. Mendez was instructed by staff to contact the Mayor and the City Council since they had the ability to waive the unconstitutional fee but he got no responses from the authorities.

47) Due Process requires clear ascertainable standards to avoid the risk of arbitrary decision-making. Correspondence from Boise Attorneys on 12/13/2018 does not indicate that Mr. Mendez can dispute the charge, and it does not specify that the amount in question is a 'base fee' for unused sewer. The letter is misleading and it was sent after Mr. Mendez received a number of inconsistent explanations by staff over the course of two years. The 'Residential Request for Vacancy Status application' terms and conditions don't indicate that residents are responsible for paying a 'base fee' for unused services while property is vacant.

## B. VIOLATIONS OF RIGHTS UNDER THE FAIR DEBTCOLLECTIONS PRACTICES ACT (FDCPA).15 U.S.C. 1692.

48) The FDCPA bars the City of Boise from collecting charges not permitted by law, to take action that cannot legally be taken, and to use false representations or deceptive means to collect or attempt to collect the debt.

49) The city ordinances making trash and sewer services mandatory violate constitutional rights. Specifically, Boise have told Mr. Mendez that there is a mandatory 'base fee' for unused services. Since, the Ordinances violate Mendez Constitutional rights then the charges for unused services are not permitted by law. The frivolous small claim action filed by the City attorneys is an action that is not warranted under existing law. Mr. Mendez has received a number of inconsistent/misleading information by staff over two years regarding the 'base fee' for an unused utility on vacant property. The city attorneys sent Mr. Mendez a demand for payment letter that does not give Mr. Mendez an opportunity to dispute the debt within 30 days and their legal action took place within the 30 days provided by Federal law. Furthermore, the letter is misleading in that it does not specify that the amount in question relates to the 'base fee' for an unused sewer.

50) The City of Boise filed a 'judgement lien' on Mendez property dated 10/22/2019 without no document being attached to it. The recording does not comply with Idaho Code 1-2313. Boise is acting fraudulently by filing a 'judgment lien' on 10/22/2019 that does not comply with Idaho Law, when the small claims magistrate has not made a decision on setting aside the judgment, when the removed case is still at the 9th Circuit, and when Judge Winmill has indicated to sue 'directly' in Federal Court which includes the small claims as a debt that cannot be legally taken against Mendez under the FDCPA. Boise has not stopped sending collection notices.

## C. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND BREACH OF CONTRACT.

51) Mr. Mendez submitted a "Residential Request for Vacancy Status application" to the City of Boise in which terms and conditions it is understood that Mendez will not be using sewer/taking

trash while property was vacated.

52) The terms and conditions of the agreement also state that if the city of Boise determines sewer or trash service has been used or trash and/or recycle carts are set out while the property is vacancy status, I agree to pay occupied rates for the entire vacancy period.

53) Mr. Mendez has received a number of misleading statements over the course of two years by the City of Boise staff that violate this agreement; including that the application does not waive the 'base fee' even though there is nothing under Terms & Conditions indicating that residents are responsible for paying a 'base fee' for unused services while property is vacant.

54) Staff misrepresented to Mendez that Boise defines vacant property as when no premise is upon the land; therefore, no sewer or trash would be waived even if his home was vacated. Mr. Mendez was told the mandatory base fee would be waived by paying to plug an unused sewer. In short, Boise has intentionally breached the agreement.

## D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

55) City Attorneys representing Boise have sent a letter coercing Mr. Mendez into either paying the 'base fee'/complete hardship form within 15 days or else face legal action. Nowhere do they indicate that the fee can be contested.

56) City Attorneys did not like Mr. Mendez response. The Attorneys indeed filed a frivolous and malicious small claim just 6 days after the response.

57) The City of Boise does not have the authority to coerce people into doing something in order to satisfy their unconstitutional Ordinances. Mr. Mendez notes that in Idaho in order to disqualify themselves from immunity, government employees must not only act wrongfully, they must also act with ill will.

58) A license to practice law does not give Mr. Muir and company a license to mistreat people

by filing malicious suits harming people. Such outrageous conduct by the City of Boise staff and its Attorneys have cause Mr. Mendez emotional distress.

59) Mr. Mendez has filed a timely Notice of Tort Claim with the City of Boise pursuant to I.C. 6-905, 6-908.

60) Mr. Mendez understands that this Court has discretion to retain jurisdiction on the state claims to accommodate the objectives of economy, convenience and fairness.

### E. DAMAGE TO REPUTATION.

61) Staff with the City of Boise have sent Mr. Mendez to the City's collection department, they have indicated that Mr. Mendez has been reported to the credit bureau, and the City Attorneys filed a Small Claim action even when Mr. Mendez constitutional rights and rights under the FDCPA have been violated. Mr. Mendez notes that in Idaho in order to disqualify themselves from immunity, government employees must not only act wrongfully, they must also act with ill will.

62) Such conscious disregard of the rights of Mr. Mendez have resulted in damage to his reputation since creditors have access to Mendez credit report and the Small claim is public record indicating that he was sued for 'failing to pay mandatory sewer service.'

### F. FRAUD.

63) The Idaho Recorder's Manual indicate that 'relying upon the police powers of the Constitution, states adopted statutory recording laws to *protect their citizens from fraud associated with real property matters.'*.....recorder's office should not record documents with problematic features and to review the problematic document with the county prosecutor if is "entitled by law to be recorded."

64) The City of Boise filed a 'judgement lien' on Mendez property dated 10/22/2019 without no document being attached to it. The recording does not comply with Idaho Code 1-2313. Boise is acting fraudulently by filing a 'judgment lien' on 10/22/2019 that does not comply with Idaho Law, when the small claims magistrate has not made a decision on setting aside the judgment,

when the removed case is still at the 9th Circuit, and when Judge Winmill has indicated to sue 'directly' in Federal Court which includes the small claims as a debt that cannot be legally taken against Mendez under the FDCPA.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Mr. Mendez hereby demands a trial by jury on all issues properly triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Mendez requests judgment against the corporation as follows:

1. Award Mr. Mendez compensatory and punitive damages for the violation of his constitutional rights under 42 U.S.C. 1983.

2. Award Mr. Mendez compensatory and punitive damages for the violation of his rights under the Fair Debt Collections Practices Act 15 U.S.C. 1692.

3. Award Mr. Mendez compensatory damages for breach of implied covenant of good faith and fair dealing and breach of contract.

4. Award Mr. Mendez compensatory and punitive damages for Defendant's intentional infliction of emotional distress.

5. Award Mr. Mendez compensatory and punitive damages for Defendant's intentionally harming his reputation.

6. Award Mr. Mendez compensatory and punitive damages for Defendant's filing a fraudulent lien.

7. Award Mr. Mendez the costs of this action, including reasonable attorney' fees should he retain one in the future.

8. A Declaration from the Court that City Ordinances cannot make services mandatory.

9. Award Mr. Mendez such other and further legal and equitable relief as the Court deems just and proper.

DATED:   February 6, 2020

/Raul Mendez/
Raul Mendez