UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CITY OF BOISE MAYOR DAVID BIETER; CITY OF BOISE COUNCIL; CITY OF BOISE PUBLIC WORKS DEPARTMENT; CITY OF BOISE LEGAL DEPARTMENT,<br><br>               Defendants. | Case No. 1:20-cv-00061-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Raul Mendez's Complaint as a result of Plaintiff's in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case without prejudice.

1. **Screening Requirement**

The Court must review complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

3.  **Factual Allegations**

Mr. Mendez brings this § 1983 action challenging the City of Boise's mandatory fixed charge for an unused sewer connection,[1] and subsequent debt collection efforts by the City for his refusal to pay the fee. *Compl*. at 2; Dkt. 2. Mendez owns a home in Boise. *Id.* However, is residing at his Mother's home to care for her and his home is vacant. *Id.* Mendez alleges that because his home is vacant, there is no sewer usage, and he should not be required to pay for unused services.

Beginning in April 2017, Mendez asked the Department of Public Works how he could discontinue his sewer service. *Id.* at 3. A public works employee told Mendez he could apply for a vacancy, but the base fee would continue to be charged. *Id.* In May 2017, Mendez submitted a Residential Request for Vacancy Status application. *Id.* Mendez alleges that nowhere in the application did it inform him he would still be charged a base fee. Upon further communication with the Department of Public Works, Mendez was told that the base fee is charged to cover the basic infrastructure in place for sewer service. *Id.* at 4. Mendez was further informed that the City does not stop sewer service per public ordinance. The only way to stop paying the base fee would be to plug the sewer connection. *Id.* at 4-5.

---

[1] Boise City Code § 10-2-6-4 A.3:
> Fixed Charge For Zero Use: The purpose of this category is to equitably apportion among all customers a portion of those fixed costs which continue to be incurred whether or not individual customers utilize the wastewater system. Such costs include, but are not limited to, costs attributable to providing basic office staff for the administration of the City sewer system. Payment of these costs shall be made by all customers, including those with zero flow discharge.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Because Boise City Code § 8-11-11.04,[2] permits disconnection of sewer for non-payment, he argues that the base fee cannot be mandatory. *Id.* at 5. Mendez alleges that an employee of the Boise City Legal Department told him that, as the owner of the home, he was responsible for the payment services, even if he didn't reside there. *Id.* at 6. On December 13, 2018, Mendez received a letter from the Legal Department informing him that the City would pursue legal action against him if he did not pay his sewer bill or apply for a hardship exception within 15 days. *Id.* Mendez states that this letter did not advise him of his rights under the Fair Debt Collection Practices Act nor clearly specify that the debt was for a base fee on unused sewer. *Id.*

On January 4, 2019, the City filed a small claims action in Ada County for $129.05 and other miscellaneous fees. The Basis for the claim is "failure to pay mandatory sewer services provided by the City of Boise pursuant to Boise City Code 8-11." Mendez alleges that the City did not allow him to exercise his rights under the Fair Debt Collection Practices Act to validate the debt prior to filing the small claims action. *Id.* at 8.

On December 17, 2019, Mendez learned that the City had recorded the judgment of the small claims action with the Ada County Recorder. *Id.* Mendez

---

[2] It appears that the Boise City Code has been recodified since Mendez initiated his communications with the City, Title 8 now relates to operation of the Airport. Sewer service and use is now regulated by Title 10 of the City code. *See* https://citycode.cityofboise.org/.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

claims that the FDCPA bars the small claims judgment. Mendez also alleges the City is acting fraudulently by filing a judgment lien against his property that does not comply with Idaho Law. The City continues to send collection letters to Mendez. *Id.* at 10.

Mendez alleges a number of federal constitutional claims. He contends that the Boise City Council and Mayor drafted an ordinance that deliberately violates the constitutional rights of City residents; that the ordinance requiring the payment of a base fee violates the Fifth and Fourteenth Amendments of the U.S. Constitution; that the City has violated his Due Process rights to be heard and object to the base fee on unused sewer. *Id.* at 11. In addition, Mendez alleges the City violated the Fair Debt Collection Practices Act because the debt was unlawful, the letter notifying him of the debt did not indicate any avenues to challenge the debt nor did it specify that the debt was for a base fee on unused sewer.

Mendez also alleges various state law claims. First that the City acted fraudulently by recording a judgment lien without the required documentation attached and as such the recording does not comply with Idaho law. Second, Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing related to his residential vacancy application. Third, Intentional Infliction of Emotional Distress related to the City's letter notifying him of the debt and the subsequent small claims action. And, Fourth, Damage to Reputation related to the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

small claims action and subsequent judgment lien which has been reported to the credit bureau.

Mendez seeks damages for the above violations and an injunction against enforcement of the City's ordinance requiring payment of a base fee for unused sewer services.

**4.     Discussion**

   **A.     *Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To bring a § 1983 claim against a municipality (local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v.*

*Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### i. Constitutional Violation

Mendez's alleges the City's code violates procedural due process by requiring the payment of a fee for sewer operation and maintenance even when the home, which the sewer is connected to, is not being used. Mendez acknowledges that the unused sewer fee was enacted as part of the city code by the City Council and the Mayor. Mendez does not allege that the Mayor or City Council unlawfully enacted this provision of city code, but only that the code itself is unconstitutional. Nor does Mendez allege that the Council recently revised the code which infringe his vested property rights.[3] The code gives the City Council authority to establish the amount of the fixed charge for zero use. Boise City Code § 10-2-7-2. Mendez does not allege that the amount of the fixed charge for zero use is unreasonable. Instead he argues that being required to pay the fixed charge at all is a violation of his constitutional rights.

The Idaho Legislature has given municipalities authority to construct sewer systems and set the rate for the operation and maintenance of those systems. *See Loomis v. City of Hailey*, 119 Idaho 434, 441 (1991). Mendez has not claimed that the City of Boise exceeded its authority under Idaho Statute, and even if he had it would not arise to a violation of due process. The City set the fixed charge for zero

---

[3] It appears that the fixed charge for zero use was codified in City Code § 8-11-06.04 in 1952. *See* Boise City Code § 10-2-6-4.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

use by enacting it as part of the City Code, and provided the Council with authority to set the amount of the charge under City Code § 10-2-7-2. Setting rates is a legislative act. *See Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 225 (1908). Procedural due process does not apply to legislative acts. *Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Washington*, No. 2:18-CV-390-RMP, 2020 WL 1217309, at *6 (E.D. Wash. Mar. 12, 2020) (citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445–46 (1915)). Therefor Mendez cannot state a procedural due process claim for a rate set by the city council. Instead he must challenge the fixed fee for zero use either by asking the City Council to amend its fee schedule or challenging the City Code as a violation of Idaho Law.

While Mendez may have valid grounds to complain to the City Council, the fixed charge for zero use cannot violate Mendez's constitutional rights. Therefore, he cannot state a valid § 1983 claim.

### B. *Fair Debt Collection Practices Act*

Mendez alleges the City violated the FDCPA, 15 U.S.C. 1692, *et seq*. To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

requirement imposed by the FDCPA. *See Gutierrez v. State Farm Mut. Ins. Co.*, 2012 WL 398828, at *5 (N.D. Cal. Feb. 7, 2012). Mendez has not alleged that the debt he incurred for the missed payments on his sewer charge is a "debt" under the FDCPA, nor that the City of Boise is a "debt collector."

A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others. § 1692a(6). A "creditor" is not a "debt collector under the FDCPA. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (citing § 1692(a)(6)(A)). Further the term "debt collector" specifically excludes any officer or employee of a state, or political subdivision thereof, acting in performance of his or her official duties. § 1692a(6)(c), (8).

The City is clearly a creditor under the FDCPA and thus cannot be a debt collector. *See* § 1692(a)(4)( "The term 'creditor' means any person … to whom a debt is owed). In addition, the City employees attempting to enforce the zero use base fee were acting in performance of their official duties, and are thus excluded from the term "debt collector." § 1692a(6)(c), (8). Therefore, Mendez cannot state a claim against the City or its employees under the FDCPA.[4]

---

[4] It is also questionable whether the debt incurred for a mandatory sewer fee is a "debt" as defined under the FDCPA. *See Boyd v. J.E. Robert Co.*, 765 F.3d 123, 126 (2d Cir. 2014) (mandatory sewer fees not a "debt"). The Ninth Circuit has not addressed this issue and this Court will not decide it here.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

C.  *State Law Claims*

In addition to § 1983 claims, Plaintiff asserts state law claims. *Compl.* at 12-15. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

5.  **Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because the City's actions cannot arise to a violation of the Constitution or FDCPA, as explained above.[5] Therefore, the Court will dismiss the Complaint without leave to amend.

---

[5] The Court dismisses Mendez's complaint without prejudice because the City of Boise, its departments, and employees cannot be liable. However, if Mendez believes a third party, which meets the definition of "debt collector" under the FDCPA, attempted to improperly collect the debt he owes to the City, he may bring an action against that party.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

# ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint (Dkt. 2) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

2. Mendez's state law claims are dismissed without prejudice for lack of jurisdiction. Mendez may re-file these claims in state court. Pursuant to 28 U.S.C. § 1367(d), any applicable statutes of limitations on Mendez's state law claims were tolled while this action was pending, and for an additional 30 days after this order of dismissal. Therefore, if Mendez wishes the bring the state claims, he must re-file those claims in state court within 30 days of this order, unless state law provides for a longer time.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED as moot.

DATED: May 4, 2020

B. Lynn Winmill
U.S. District Court Judge